UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

E.G.,
*individually and on behalf of R.G*

Plaintiffs,

v.

GLEN RIDGE BOARD OF EDUCATION,

Defendant.

Civil Action No. 17-8602 (JMV)

OPINION AND ORDER

**CLARK, Magistrate Judge**

**THIS MATTER** comes before the Court on a motion by Plaintiff E.G. ("Plaintiff") for leave to engage in discovery and to submit additional evidence [ECF No. 7]. Defendant Glen Ridge Board of Education ("Defendant" or "Glen Ridge") opposes Plaintiff's motion [ECF No. 10]. For the reasons set forth below, Plaintiff's motion [ECF No. 7] is **GRANTED**.

I. **FACTUAL BACKGROUND**

Plaintiff E.G. resides in the Glen Ridge School District (the "G.R. School District") with his adopted fourteen-year-old daughter R.G. Compl. ¶ 3. R.G. is an eighth-grade student classified as eligible for special education and related services under the Individuals with Disabilities Education Act ("IDEA"). *Id*. ¶ 9; ECF No. 10 at 4. According to Plaintiff, R.G. suffers from severe problems with communication, cognition, attention learning, emotional functioning and behavior that have substantially impacted her education. *Id*. ¶ 11. Because of R.G.'s disabilities, she was unable to make academic progress in the G.R. School District. *Id*. ¶ 13. Accordingly, Glen Ridge placed R.G. at Calais School ("Calais"), which is an approved private school for children with disabilities. *Id*. ¶ 14.

1

After issues arose at Calais, R.G. was placed in a special education program at West Essex Middle School ("West Essex"). Compl. ¶ 17. West Essex is located approximately nine miles from Plaintiff's home and, unlike the G.R. School District, it offers a wide range of after-school extracurricular activities and clubs, which are integral to its educational program. *Id*. ¶¶ 18, 20. According to Defendant, participation in these extracurricular activities for students at West Essex is purely elective. ECF No. 10 at 5.

Around the time R.G. transferred to West Essex, her psychiatrist expressed serious concern that R.G. had become "very socially isolated" and recommended that R.G. participate in extracurricular activities to help cope with stress. Compl. ¶¶ 24-25. Although participation in extracurricular activities was recommended, R.G.'s Individualized Education Program ("IEP") failed to include any transportation after regular school hours. *Id*. ¶35. Glen Ridge denied Plaintiff's request to have late-bus transportation for R.G. from after school activities. *Id*. ¶ 37. Plaintiff contends that, without late-bus transportation, "R.G. will not be able to regularly participate in after-school extracurricular activities at West Essex Middle like her peers and as needed to meet her special education needs." Compl. ¶ 62.

On October 14, 2016, Plaintiff filed a complaint with the New Jersey Department of Education, Office of Special Education, for a due process hearing related to R.G.'s education.[1] Compl. ¶ 72. Plaintiff's complaint challenges Defendant's alleged failure to afford R.G. an equal opportunity to participate in extracurricular activities by denying her the necessary late-bus transportation. *Id*. After the parties were unable to resolve their issues, this matter was assigned to the Office of Administrative Law for a hearing before the Honorable Leland S. McGee,

---

[1] The Court notes that Plaintiff initially filed its complaint with the New Jersey Department of Education on May 6, 2016. *See* Compl. ¶ 63. Plaintiff claims that after the Administrative Law Judge advised that he would dismiss an application for emergent relief, Plaintiff withdrew the original hearing request and subsequently filed a new complaint on October 14, 2016. *Id*. ¶¶ 71-72.

Administrative Law Judge ("ALJ"). Compl. ¶¶ 73-75. By February of 2017, both parties had cross moved for summary decision on the issue related to R.G.'s transportation. *Id.* ¶ 76. In his opinion dated July 20, 2017, Judge McGee ruled in favor of Defendant and concluded that Plaintiff did not meet his burden to show that the current IEP did not provide R.G. with a fair and appropriate education or that Glen Ridge had discriminated against her. *Id.* ¶ 82.

As a result of Judge McGee's decision, Plaintiff filed this case alleging, *inter alia*, that Defendant violated R.G.'s rights under the IDEA, Section 504, the ADA, and New Jersey's special education law. Compl. ¶¶ 89-90 (Count I). The Complaint further alleges that Defendant discriminated against R.G. in violation of Section 504 and Title II of the ADA. *Id.* ¶¶ 91-94 (Count II, III). After the Complaint was filed, on February 23, 2018, Plaintiff filed the instant motion to engage in discovery and to submit additional evidence. Defendant opposes Plaintiff's motion.

## II. <u>DISCUSSION</u>

The IDEA provides as follows:

> Any party aggrieved by the findings and decision made under subsection (f) or (k) who does not have the right to an appeal under subsection (g), and any party aggrieved by the findings and decision made under this subsection, shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any State court of competent jurisdiction or in a district court of the United States, without regard to the amount in controversy.

20 U.S.C. § 1415(i)(2)(A). Further, the statute's "additional requirements" clause provides:

> In any action brought under this paragraph, the court—
> (i) shall receive the records of the administrative proceedings;
> (ii) shall hear additional evidence at the request of a party; and
> (iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate.

20 U.S.C. § 1415(i)(2)(C).

Pursuant to the "additional evidence" provision in the IDEA, Plaintiff seeks to aid this Court in the determination of whether West Essex must provide R.G. with late-bus transportation to afford her: (1) a free appropriate public education pursuant to the IDEA, and (2) an equal opportunity to participate in extracurricular activities pursuant to Section 504 of the Rehabilitation Act of 1973 and the Americans with Disabilities Act (ADA). ECF No. 7-1 at 5. Plaintiff claims that material facts in this case were not fully explored because Judge McGee summarily dismissed his claims without affording him a hearing. *Id*. at 9. Thus, Plaintiff argues that he is entitled to engage in discovery to fill the gaps in the record and aid the Court in ascertaining whether Congress' goal has been achieved in this case. *Id*. at 4.

Defendant opposes Plaintiff's motion and argues that no legal basis exists for permitting Plaintiff to conduct additional discovery. ECF No. 10 at 3. Although Plaintiff has not yet submitted additional evidence for this Court to review, Defendant spends a significant portion of its opposition papers focusing on why this Court should not admit Plaintiff's "additional evidence." *See generally* ECF No. 10. In any event, Defendant requests that the Court deny Plaintiff's motion to engage in discovery and to supplement the record below.

The Court of Appeals for the Third Circuit addressed the "additional evidence" clause, in *Susan N. v. Wilson School District,* 70 F.3d 751, 759 (3d Cir. 1995). In *Susan,* parents filed a lawsuit under the IDEA, the Rehabilitation Act, and state education law following the state administrative process, which had found in the school district's favor on the parents' claim that the school district failed to evaluate their daughter adequately and classify her as disabled. *Id.* at 755. The school district moved before the trial court for a "Motion for Disposition Under Section 1415(e) of the Individuals with Disabilities Act," in which it argued that the court should affirm the decision of the appeals panel based on the administrative record without hearing additional

evidence, and that the court should dismiss the parents' additional statutory claims. *Id.* The trial court ruled in the school district's favor on both of these arguments. *Id.*

On appeal, the Third Circuit reversed. The court declined to define concretely the term "additional evidence" in the IDEA, but it followed the First Circuit's reasoning regarding the discretion of the trial court in making such determinations. The court explained,

> [i]t is regularly held that the question of what additional evidence to admit in an IDEA judicial review proceeding, as well as the question of the weight due the administrative findings of fact, should be left to the discretion of the trial court. As appellants note, Congress' central goal in enacting the IDEA was to ensure "that each child with disabilities has access to a program that is tailored to his or her changing needs and designed to achieve educational progress." Children are not static beings; neither their academic progress nor their disabilities wait for the resolution of legal conflicts. While a district court appropriately may exclude additional evidence, a court must exercise particularized discretion in its rulings so that it will consider evidence relevant, non-cumulative and useful in determining whether Congress' goal has been reached for the child involved.

*Id.* at 760.

On remand, the Third Circuit instructed that the district court should use this standard in determining whether to admit the proffered additional evidence—that is, the district court was to determine whether the evidence would assist the court in "ascertaining whether Congress' goal has been and is being reached for the child involved." *Id.*

It is under this legal framework that the Court will review Plaintiff's motion. With regard to the questions of whether Plaintiff will be permitted to engage in discovery and submit additional evidence, the Court must answer in the affirmative. The plain language of the IDEA requires that the district court "shall hear additional evidence at the request of a party." 20 U.S.C. § 1415(i)(2)(A). Although a court may subsequently exclude additional evidence, Plaintiff must be permitted to engage in discovery to fill the gaps in the record below to assist the Court in determining whether Congress' goal has been reached for R.G. *See Susan*, 70 F.3d at 760. At this

stage of the case, Plaintiff cannot be foreclosed from providing "relevant, non-cumulative and useful" evidence. *Id*. If the Court were to do so, it would be in direct contradiction of the express language of the IDEA and Third Circuit precedent. Accordingly, Plaintiff's motion to engage in discovery and to submit additional evidence is **GRANTED**.

### III.  CONCLUSION AND ORDER

The Court having considered the papers submitted pursuant to Fed. R. Civ. P. 78, and for the reasons set forth above;

**IT IS** on this 16th day of August, 2018,

**ORDERED** that Plaintiff's motion to engage in discovery and to submit additional evidence [ECF No. 7] is **GRANTED**.

    s/ James B. Clark, III
**JAMES B. CLARK, III**
**United States Magistrate Judge**